<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL B. FRANKLIN,<br><br>    Petitioner,<br><br>    v.<br><br>DEPT. OF CORRECTIONS, et al.,<br><br>    Respondents. | Civil Action No. 13-3829 (DRD)<br><br><br>OPINION |

**APPEARANCES**:

    MICHAEL B. FRANKLIN
    224 North Arlington Avenue, Apt. B
    East Orange, New Jersey 07017
        *Petitioner Pro Se*

    CAROL MARIE HENDERSON
    New Jersey Attorney General, Criminal Division
    P.O. Box 086
    Trenton, New Jersey 08625
        *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

    Michael B. Franklin filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Franklin challenges a judgment of conviction filed in the Superior Court of New Jersey, Bergen County, on November 9, 2009, and amended on October 21, 2011, imposing a term of 7.5 years in prison, subject to a 3.5-year period of parole ineligibility, for third-degree possession of cocaine with intent to distribute, third-degree possession of cocaine, and resisting arrest. The State filed an Answer and the record. After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition with prejudice and deny a certificate of appealability.

# I.   BACKGROUND

## A.   The Crime

At approximately 4:00 a.m. on November 15, 2006, Saddle Brook Police Officer Leigh Cadigan stopped the vehicle Franklin was driving on Route 46.  After Officer Cadigan asked Franklin for his documentation, Cadigan asked him to exit the vehicle.  When Cadigan shined a flashlight into the open driver's side door, he observed a translucent Ziploc bag on the floor, several smaller Ziploc bags, and two crack pipes.  After handcuffing Franklin and patting him down, Cadigan discovered another clear Ziploc bag containing a golf-ball sized rock.  A scuffle occurred when Cadigan attempted to place Franklin into the police vehicle.  After Cadigan took Franklin to the police station, Franklin was taken by ambulance to a hospital for examination.  See State v. Franklin, 2011 WL 2610601 (N.J. Super. Ct., App. Div., July 5, 2011).

## B.   The State Court Proceedings

After a trial by jury, Franklin was found guilty of third-degree possession of cocaine with intent to distribute, third-degree possession of cocaine, and resisting arrest.  The trial court sentenced Franklin as a persistent offender to an aggregate nine and one half-year term.  Franklin appealed, and on July 5, 2011, the Appellate Division affirmed the conviction, but remanded for resentencing.  See State v. Franklin, 2011 WL 2610601 (N.J. Super. Ct., App. Div., July 5, 2011). On October 21, 2011, the trial court resentenced Franklin to a seven and one half-year term of incarceration.  On February 9, 2012, the New Jersey Supreme Court granted Franklin's petition for certification limited to the issue of "whether it was error for the State to have questioned [Franklin] during the trial about his refusal to give a urine sample or to sign a consent for diagnosis and treatment while at the hospital."  State v. Franklin, 210 N.J. 112 (2012).  After hearing oral

2

argument, on January 11, 2013, the New Jersey Supreme Court ordered the appeal dismissed on the ground that certification was improvidently granted. See State v. Franklin, 213 N.J. 527 (2013).

**C. Procedural History of § 2254 Petition**

Franklin signed his § 2254 Petition on June 12, 2013. The Clerk received it on June 20, 2013. The Petition raises one ground, which is set forth below verbatim:

> Ground One: THE PROSECUTOR'S QUESTIONING OF [FRANKLIN] ABOUT HIS REFUSAL TO GIVE A URINE SAMPLE OR TO SIGN A CONSENT FOR DIAGNOSIS AND TREATMENT AT THE HOSPITAL VIOLATED HIS COMMON LAW AND CONSTITUTIONAL RIGHTS TO REFUSE MEDICAL TREATMENT AND DENIED HIM A FAIR TRIAL BECAUSE THE IMPLICATION TO THE JURY WAS THAT HIS FAILURE TO PERFORM SUCH TESTING INDICATED A FEAR OF THE POSSIBLE RESULTS. U.S. CONST. AMEND. XIV.

(ECF Nos. 1 at 6, 1-1 at 4.)

The State filed an Answer arguing that Franklin is not entitled to habeas relief and that he does not assert a violation of federal law. (ECF No. 10.)

## II.   STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas petition to a state prisoner. See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court adjudicated petitioner's federal claim on the merits,[1] as in this case,

---

[1] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2)

a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Parker v. Matthews, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. See Harrington v. Richter, 131 S.Ct. 770, 785 (2011).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision. White v. Woodall, 134 S.Ct. 1697, 1702 (2014) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams, 529 U.S. at 405-06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the

resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." Shotts v. Wetzel, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

4

state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id., 529 U.S. at 413.

Where a petitioner seeks habeas relief, pursuant to § 2254(d)(2), on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily apply. First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005). Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III.  DISCUSSION

A.  **Claim That Prosecutor's Cross-Examination of Franklin Violated Due Process**

Franklin asserts that the prosecutor's cross-examination of him concerning whether he refused to give a urine sample and whether he refused to sign a consent for diagnosis and treatment at the hospital violated due process, even though Franklin answered that he could not recall. In support, Franklin attached to the Petition a supplemental letter brief that he had filed in the New Jersey Supreme Court on his petition for certification. In that letter brief, Franklin argued that the prosecutor's questioning violated his constitutional rights to medical privacy and to refuse medical treatment, that the assertion of a constitutional right is not probative of wrongdoing, and that the improper questions were capable of producing an unjust result because the case "was essentially a credibility dispute between the State's witnesses and [Franklin], and the prosecutor unfairly impugned the credibility of [Franklin] and his version of the facts." (ECF No. 1-1 at 14.)

5

In the Answer, the State argues that Franklin's federal constitutional rights were not implicated by the prosecutor's cross-examination of Franklin, especially since Franklin testified in response to the prosecutor's questions that he could not recall whether he provided a urine sample or whether he signed a consent to diagnosis and treatment at the hospital. The State further argues that the Appellate Division found that this line of questioning was relevant to show that Franklin may have recently consumed narcotics prior to his arrest and that the ground raises only a question of state law, which does not warrant habeas relief. (ECF No. 10.)

Franklin raised this claim on direct appeal to the Appellate Division. He argued that, under Rule 404(b) of the New Jersey Rules of Evidence, evidence of bad acts is not admissible to prove the disposition of a person in order to show that he acted in conformity therewith, (ECF No. 10-9 at 30), and that "defendant's refusal to provide a urine sample and to execute a diagnosis and treatment form in order to hide recent drug ingestion would be bad acts subject to the proscription in N.J.R.E. 404(b) against evidence of other bad acts." (ECF No. 10-9 at 34.) In summarizing his argument, Franklin claimed that "the prosecutor's implication that he refused to give a urine sample and consent to diagnosis and treatment to hide evidence of recent drug ingestion . . . impermissibly imputed a general criminal predisposition to him." (ECF No. 10-9 at 39.)

In considering this claim, the Appellate Division found the following facts:

> Over defense counsel's objection, the prosecutor cross-examined defendant about whether he refused to give a urine sample or sign a consent for diagnosis and treatment while he was at the hospital. Although provided with his medical records to refresh his recollection, defendant said he did not remember due to his ingestion of pain medication, but that he "never refused anything." The medical records were not placed into evidence, although the prosecutor through questioning communicated to the jury the likelihood that defendant did not comply with the hospital protocol as well as defendant's lack of credibility in his seeming disagreement with the records.

6

Franklin, 2011 WL 2610601 at *5.

The Appellate Division rejected the claim and determined that the prosecutor's questions "were proper to show that defendant may have recently consumed narcotics before his arrest," that the evidence "would tend to make it more probable that defendant knew of the presence of drugs on his person and in his car," and that such evidence "would also tend to support the State's position that defendant was uncooperative with the police at the time of his arrest." Franklin, 2011 WL 2610601 at *5.

This Court must presume the correctness of the Appellate Division's factual findings set forth above. See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.") Franklin has not rebutted the presumption by clear and convincing evidence, and he has not shown that the Appellate Division's adjudication of this claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," as required to obtain habeas relief under 28 U.S.C. § 2254(d)(2)). See Miller-El v. Dretke, 545 U.S. at 240 (holding that a district court must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'"); Rountree v. Balicki, 640 F.3d 530, 541-42 (3d Cir. 2011) (habeas court is "bound to presume that the state court's factual findings are correct, with the burden on the

petitioner to rebut those findings by clear and convincing evidence.") (quoting Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009)).

With respect to § 2254(d)(1), the State correctly argues that the question of the admission of evidence is essentially a state law evidence claim and that "the Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983). In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court held that the state court's admission, in petitioner's trial for murdering his infant daughter, of the testimony of two physicians that the child had suffered prior child abuse did not violate due process, since the evidence was relevant to show intent. Id. at p. 70. Here, the Appellate Division determined that the prosecutor's questions and Franklin's responses were properly admitted under New Jersey law. Even if that state evidentiary ruling was erroneous, it cannot under the circumstances of this case form the basis of a federal habeas challenge under Estelle. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (citations omitted); Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (reversing Seventh's Circuit's decision affirming conditional granting of § 2254 petition where "the panel's opinion contained no hint that it thought the violation of Indiana law it had unearthed also entailed the infringement of any federal right."); Wilson v. Vaughn, 533 F.3d 208, 213 (3d Cir. 2008) ("Admissibility of evidence is a state law issue.")

Moreover, "[t]o prevail on his due process claim, [Franklin] must prove that he was deprived of 'fundamental elements of fairness in [his] criminal trial." Glenn v. Wynder, 743 F.3d 402, 407 (3d Cir. 2014) (quoting Riggins v. Nevada, 504 U.S. 127, 149 (1992)) (citation and

8

internal quotation marks omitted). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly, based on the recognition that, beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited application." Medina v. California, 505 U.S. 437, 443 (1992). "In order to satisfy due process, [Franklin's] trial must have been fair; it need not have been perfect." Glenn, 743 F.3d at 407 (citing United States v. Hasting, 461 U.S. 499, 508 (1983)). Franklin has not shown that he was deprived of fundamental elements of fairness in his criminal trial by the prosecutor's questions.

Finally, Franklin cited no Supreme Court case clearly establishing that such cross-examination of a defendant who testifies at trial violates due process or any other constitutional right. This Court finds that the New Jersey courts' adjudication of this due process claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 207 n.5 (3d Cir. 2012) (rejecting § 2254 petitioner's challenge to state court ruling concerning the admission of evidence on the ground that "federal habeas corpus relief does not lie for errors of state law.") (quoting Estelle, 502 U.S. at 67); cf. Minett v. Hendricks, 135 F.App'x 547, 553 (3d Cir. 2005) ("Minett cites no Supreme Court case clearly establishing the admission of 'other crimes' evidence constitutes a violation of federal fair trial rights").

B.  **Certificate of Appealability**

Franklin has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.   CONCLUSION

This Court dismisses the Petition with prejudice and denies a certificate of appealability.


    s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:   March 26, 2015

10